ALBANY,
Jan. 1812.

MEGHAN
v.
MILLS.

## MEGHAN *against* MILLS.

A. gave B. in
*New-York*, a
note or a *due
bill*, in the fol-
lowing words:
" Due to B.
170 dollars,
value receiv-
ed." On which
B. endorsed
his name and
delivered it to
C. who, after-
wards, de-
manded pay-
ment of the
due bill from
A. at *Albany*,
who said he
was going to
*New-York*,
the next week,
and would set-
tle it there ;
and A. after-
wards, paid
the amount to
B. in *New-
York*, and
took his re-
ceipt in full,
the *due-bill*,
being still in
the hands of
C. C. after-
wards brought
a suit, in the
name of B.
against A. on
the note; it was
held that there
was not suffi-
cient notice
of an assign-
ment of the
note ; and
that C. when
he demanded
payment,
ought to have
shown the
note, with the
endorsement
to A. or ex-
plicitly stated
that it had
been assigned
by B. and that
C. was not en-
titled to reco-
ver.

THIS was an action of *assumpsit*, brought on a note or *due bill*, in the following words : " Due *Henry Meghan*, one hundred and seventy dollars, value received. · *Albany, October* 29, 1810. *John Mills.*"

At the trial, the defendant gave in evidence a receipt, as fol- lows : " Received, *New-York, November* 28, 1810, of *John Mills*, one hundred and seventy dollars, being the amount of a due bill, in the hands of *Wm. Leonard*, which I promise to destroy. *Henry Meghan.*" ·

The plaintiff, in order to show an assignment of the due bill to *Leonard*, and notice thereof to the defendant, proved the endorse- ment of the plaintiff's name on the bill ; and that in the spring of 1811, *Leonard* called on the defendant and demanded payment of the bill, and the defendant produced the above receipt ; that in the conversation which then took place, the defendant admitted that *Leonard* had demanded payment of the bill, the prece- ding autumn, and the defendant did not pay it, as he had not the money, at that time ; but told *Leonard* that he, the defendant, was going to *New-York*, the next week, in the steam boat, and would settle it there. It appeared that the plaintiff lived in *New-York*, and that *Leonard* was a steward on board of one of the steam boats.

· The judge left it to the jury, whether there was sufficient evi- dence of a notice of an assignment to *Leonard*, and expressed his opinion, that it was enough to charge the defendant with notice. The jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Rodman*, for the defendant.

*Sedgwick*, contra.

*Per Curiam.* Here was not evidence sufficient to charge the defendant with notice of the assignment of the note to *Leonard*, at the time that he paid the amount of it to the plaintiff. It was not a negotiable note, and there was no other evidence of the assign-

ment of it, than the endorsement of the plaintiff's name in blank. This would be sufficient for negotiable paper, but as for specialties and other paper, not negotiable, it is not conclusive of itself, though it may be presumptive evidence, that the property in the paper has been passed. But it does not appear that *Leonard* had even shown this endorsement to the defendant, before the payment, or given him any notice that he was proprietor of the note. All that he had done, was to call upon the defendant for payment, and this might as well have been in the character of agent or servant to the plaintiff, as of owner. The presumption is, that the defendant considered *Leonard* in that light, for he said he was going to *New-York*, the next week, in the same steam boat, and *would settle it there*. The settling of it *there*, would seem to refer to the plaintiff, as the person with whom he would settle, for the plaintiff lived there, and it does not appear where *Leonard* resided, but he was a steward on board of one of the steam boats.

The only additional fact from which to infer notice, was, that when the money was paid to the plaintiff in *New-York*, the note was still in the hands of *Leonard*. This payment was in November, and probably in the " next week" above referred to, and under the above circumstances, it was not enough to ground the inference. There ought to be something equivalent to a direct and positive notice of the assignment of the instrument, before the defendant is to be charged with a *fraudulent* payment to the plaintiff, for in no other point of view could the payment be questioned. If the plaintiff meant to give any thing more than a mere authority to *Leonard*, to receive the money, and had actually transferred to him his interest in the note, *Leonard* was guilty of great negligence, in not producing the note, and stating explicitly his interest, as owner, when he called upon the defendant for payment. The circumstances of the case are too loose and equivocal to justify the court in helping the *laches* of *Leonard*, by fixing the charge of fraud upon the defendant.

Motion for a new trial granted, with costs to abide the event of the suit.