## CHARLES L. LOW, Respondent, *v.* ALPHEUS STAPLES et al., Appellants.

Courts of Equity independent of the statute might, in a proper case, remove a cloud from title.

Courts of Equity will always interfere to protect one from the operation of a deed which is void, or from some cause ought not to be enforced, unless the deed is void on its face, when there is no necessity for such interference.

Before a Court of Equity will interfere to remove a cloud, they must be satisfied that the party seeking relief has the legal title. If the possession is held adversely, the Court may properly refuse to act until the complainant has established his legal title by an action at law.

Where the possession of the realty is in a corporation holding for the benefit of the original owners and assignees, and willing to recognize the right of whoever holds the proper assignment or transfer of the property, it is not necessary to bring an action at law preliminary to the establishment of a lost deed, and the removal of a cloud.

The statute (Practice Act, Secs. 254–5) does not restrict any preëxisting right or remedy, but seems to give in some cases a new and more extensive remedy.

The fact that defendants appeared and filed their answer in the District Court of the State, removes all question or doubt which might otherwise have arisen as to whether the record in this case was lawfully removed from the Territorial to the State Court.

APPEAL from a decree of the District Court of the First Judicial District, Storey County, Hon. RICHARD RISING presiding.

This was a bill filed by C. L. Low against Alpheus Staples and others, in which the plaintiff alleges that Joseph Brown, one of the defendants, was one of the original locators of a mining claim now known as the Crown Point claim; that Brown sold his interest to one Brobant by bill of sale, Brobant to one Robinson, and Robinson to Lindauer and Fleishhacker, from whom plaintiff holds by several mesne conveyances; that Brown's bill of sale to Brobant, and Brobant's to Robinson, have both been lost; that on each transfer or sale of this interest of Brown, the possession accompa-

nied the transfer; that, recently, Brown had made a fraudulent transfer of his original interest of one-tenth in the location, to Staples; that Staples took with a full knowledge of the former sale from Brown to Brobant. There are many other allegations made in the complaint, but these are all that are necessary to understand the points decided in the case. The plaintiff sustained all the material facts alleged in his complaint, except as to possession. Upon this point the proof was, that the mine was being worked by an incorporated company, who acknowledged an interest of one-tenth thereof as being in whoever represented the Brown interest. In regard to that interest, the company did not pretend to determine anything, but left the parties to litigate their rights in Court; ready to acknowledge the rights of either when established in the proper tribunals.

*B. C. Whitman, Aldrich* and *De Long,* for Appellants.

This action is governed by the statute. (Practice Act of 1861, Sec. 254.) Actual possession, as contradistinguished from constructive possession, is necessary to maintain this proceeding.

The Court finds that the actual possession is in the Crown Point Company; that the plaintiff only has a constructive possession, arising from the fact of tenancy in common existing between plaintiff and the company; that this is not a sufficient possession. (See Adams' Equity, p. 463; 2 Story's Equity Jurispru. p. 49; *Eldridge* v. *Hill & Murray,* 2 John. Ch. 281; *Ritchie* v. *Dorland et al.,* 6 Cal. 33; *Curtis* v. *Sutter,* 15 Cal. 260; *Rico et al.* v. *Spence et al.,* 21 Cal. 504; *Head* v. *Fardyce,* 17 Cal. 149.)

This bill cannot be maintained outside of the statute. It is claimed that the Court can take cognizance of the case, because of the allegations of fraud. But if the allegation of possession on the part of plaintiff was stricken out, the bill would not present a case in which a Court of Equity could interpose.

The appellants also raised the point on oral argument, that this case having been commenced in the Territorial District Court, the State could never acquire jurisdiction of the parties.

*Williams & Bixler,* for Respondent.

When the loss of a deed creates a defect in the arraignment of

title, the Court will compel a reëxecution. (*Cummings* v. *Coe*, 10 Cal. 529.)

A Court of Equity will always cancel a deed which casts a cloud on title. (*Pixley* v. *Huggins*, 15 Cal. 127.)

This proceeding was not based on Sec. 254 of the Practice Act, but on established equity principles independent of that statute. The fact that plaintiff was not in possession, could not deprive him of this equitable relief. (*Dana* v. *Cignego*, Cal. October Term, 1863; *Hagar* v. *Shindler*, Cal. July Term, 1865; *Ferris* v. *Irwin*, Cal. July Term, 1865; *Smith* v. *Orton*, 21 Howard, U. S. 243; 2 Story's Equity, Sec. 700.)

Even if possession were necessary to maintain this action, plaintiff, under the circumstances of this case, had the possession. The possession of one tenant in common, is the possession of all his cotenants. (*Waring* v. *Crow*, 11 Cal. 371; *Owen* v. *Martin*, 24 Cal. 376–7.)

Opinion by LEWIS, C. J., full Bench concurring.

The appellants in this cause make two points upon which it is claimed the judgment in the Court below should be reversed.

First—That the plaintiff upon the trial failed to show, and the Court to find, that the plaintiff was in possession of the premises at the time the action was instituted; and, second: that as the suit was commenced in one of the District Courts of the Territory of Nevada, the State Court obtained no jurisdiction of it, and that the decree is therefore void. Were this, as claimed by counsel, a suit brought under Section 254 of the Civil Practice Act, which provides for the determination of conflicting claims to real property, undoubtedly the possession of the plaintiff would be indispensable to entitle him to the relief which he seeks. But, in our opinion, it is not necessarily governed by the statutes referred to. The plaintiff seeks a remedy which Courts of Equity have always granted independent of any statute, where a proper case was made out. The relief sought is a decree to compel certain persons to execute deeds of conveyance to the plaintiff, and to remove a cloud from his title. That it requires no statutory provisions to enable a Court of Equity to award relief in such cases, there can be no doubt.

In speaking of the power of the Courts to order the surrender or

cancellation of instruments which it would be unjust to enforce, or which cast a cloud upon a title, Mr. Story says : " The party is relieved upon the principle, as it is technically called, *quia timet :* that is, for fear that such agreements, securities, deeds, or other instruments, may be vexatiously or injuriously used against him when the evidence to impeach them may be lost, or that they may now throw a cloud or suspicion over his title or interest ; *a fortiori* the party will have a right to come into equity to have such agreements, securities, deeds, or other instruments delivered up and canceled, where he has a defense against them which is good in equity, and not capable of being made available at law." Story's Equity Jurisprudence, Section 694. Indeed, in all cases where an instrument is void, or should not in justice be enforced, or has a tendency to cast a cloud upon the title of another, and the illegality of the deed or instrument is not apparent upon its face, the Courts have never hesitated to decree a surrender or cancellation of such instrument. (Id. 700 ; *Reed* v. *Bank of Newburgh*, 1 Paige R. 215 ; *Petit* v. *Shepherd*, 5 Paige R. 493 ; *Van Doren* v. *Mayor of New York*, 9 Paige, 388.) Should the instrument carry the illegality upon its face, so that its nullity can admit of no doubt, the reason for the interposition of equity to decree its surrender or cancellation does not then exist, for such instrument could cast no cloud upon the title, and there can be no danger that lapse of time will deprive a party of his full defense. It is in such cases only that relief is refused ; nor did the plaintiff's right of relief, where he sought to remove a cloud from his title, necessarily depend upon his possession of the premises. It is true, when a party applies for any equitable relief in aid of his legal title to real estate, that Courts of Equity must be satisfied the complainant has a legal title before granting relief. And if the possession should be held adversely, the Court might well say to complainant : " Establish your right by action at law, or else this Court cannot be satisfied that you have a legal title." But in a case like this, we see no necessity for an action at law. The possession is in an incorporated company, which admits the rights of whoever holds the Robinson title. The plaintiff shows he has a title properly derived from Robinson ; but that the claim of title has been broken by the loss of some of the deeds. He wishes by this proceeding to establish that claim of title, to have the lost

Low *v.* Staples *et al.*

deeds supplied, and a cloud removed.    We see in such case no necessity for an action at law to give possession.    If he establishes his chain of title, his rights will be acknowledged—no action at law will be required.    Independent of any statute, therefore, the plaintiff's remedy was complete in equity ; and, notwithstanding Sections 254 and 255 may be sufficiently comprehensive to embrace the remedy now sought by the plaintiff, it will hardly be claimed, we apprehend, that this Statute entirely supersedes the remedy which existed independent of it.    The Statute gives a remedy in cases where perhaps without it none existed.    For instance, if the plaintiff be in possession, he has a remedy against all persons claiming adversely, whether such claim casts a cloud upon his title or not ; thus far the old equity jurisprudence of the Court is extended, but further than this we do not think it affected.  · We are, therefore, of opinion that the bill · may be maintained regardless of whether the plaintiff is in possession of the premises or not.    As to the second point, *i.e.*, whether the District Court, before which the cause was tried, had jurisdiction or not, it may be observed that although the cause was commenced in the Territorial Courts, the subsequent appearance in the District Court of the State leaves no doubt that it obtained jurisdiction of the parties.    The record in this cause, together with all others, was transferred from the District Court of the Territory to that of the State, whether by proper authority or not, is of no consequence ; for the defendants by appearing, filing their answers, and trying the cause, will be deemed to have consented to such transfer ; and then, voluntary appearance in the State Court was equivalent to the issuance of a summons from that Court, and the service of same upon them.    Had the action been finally disposed of in the Territorial Courts, the jurisdiction of the State Courts over the decree or judgment might be questionable.    But as that question does not arise here, we do not wish to be understood as expressing an opinion upon it.

The decree of the Court below must therefore be affirmed, and it is so ordered.