## ROWE v. LANGLEY.

Plaintiff's lien equal to the taxable costs of his counsel upon his judgment is
protected from any set off.

Beyond this, plaintiff as assignee of the judgment, which he purchased, took
it subject to all the equities, existing at the time of his purchase.

If a loss arises it falls on him, whose duty it was to have made enquiry, and
who failed to discharge such duty. *Direct* or *positive* notice of an assign-
ment will not always be insisted on.

*Generally*, it may be assumed, th it the power to set off judgments on *motion*
rests purely in the discretion of the court, and will not be exercised as a
matter of right, and will not be done when inequitable, or when the rights
of others are seriously affected, but will be exercised where justice will be
greatly promoted,

Augustus J. Rowe—and Levi G. Towle, plaintiff in interest, in
the matter of Thomas Langley.

At the October term, 1869, the plaintiff recovered judgment. The
defendant moved to set off against that judgment a judgment recovered
by one Melcher against said Rowe at the January term, 1866, which
was assigned to said defendant. The plaintiff's counsel claimed a
lien on Rowe's judgment, for the taxable costs, and also resisted the
defendant's motion, on the ground that L. G. Towle was assignee
and real owner of Rowe's judgment. A commissioner reported the
facts as follows:

The Melcher judgment was on a note, and amounted to about three
hundred dollars. The assignment was dated January 25, 1866, and
the consideration was twenty-five dollars, and an agreement to pay
all counsel fees in the action. The suit *Rowe* v. *Langley* was
assigned in good faith, without knowledge by either Rowe or Towle
of the assignment of Melcher's judgment, April 9, 1867, the day of
its entry. The judgment in favor of Rowe was for one hundred and
thirty dollars; and the consideration of the assignment was an
account of seventy-seven dollars in favor of Towle, and one of
twenty-three dollars which Towle agreed to pay. Langley had no
*personal* knowledge of the assignment from Rowe to Towle until the
October term, 1869; although at the entry of the Rowe suit, a
notice "Levi G. Towle, plaintiff in interest," was put upon the
docket. But said Towle did not appear before the auditor as party
or witness, nor was any mention made of said assignment at the
hearing. The former case is made a part of this case, and may be
referred to by the parties. The questions of law arising on the above
case agreed to by the parties were reserved for the whole court.

*C. U. Bell* and *Towle*, for defendant, referred the court to *An-
drews* v. *Varrell*, 46 N. H. 20; *Goodwin* v. *Richardson*, 44 N. H.
125; *Sanborn* v. *Little*, 3 N. H. 539; *Woods* v. *Carlisle*, 6 N. H.
28.

*Wiggin*, for plaintiff in interest, cited *Currier* v. *Boston &
Maine Railroad*, 37 N. H. 225 ; *Jordan* v. *Gillen*, 44 N. H. 424 ;
*Goodwin* v. *Richardson*, 44 N. H. 125 ; *Shapley* v. *Bellows*, 4 N.
H. 347.

NESMITH, J.  Under our practice, there can be no question as to
the legal right of plaintiff's counsel to a lien upon plaintiff's judg-
ment equal to the amount of his taxable costs.  Such lien will be
protected from any set-off to which the defendant could in any form
be entitled.  *Shapley* v. *Bellows*, 4 N. H. 347 ; *Currier* v. *Boston
& Maine Railroad*, 37 N. H. 225 ; *Wells, Adm'r* v. *Hatch*, 43 N.
H. 246.

The defendant Langley, purchased a judgment against the nominal
plaintiff Rowe more than a year before the real plaintiff Towle took
his assignment of Rowe's right of action against the said defendant.
The original judgment being in the name of Melcher, before its pur-
chase by Langley, Langley could not file it as a *mutual* set-off in
this action.  The plaintiff's claim having passed into judgment, the
question arises, whether the aforesaid two judgments can now be
either legally, or equitably set off against each other.

The plaintiff in interest says he is a *bona fide* holder of his judg-
ment for value, and without notice from any source, that defendant
was the owner of the Melcher judgment, when he became the as-
signee of Rowe's right of action.  According to a familiar rule, well es-
tablished by our practice, when plaintiff became the assignee of
this right of action, he took it subject to all defences against it, at
the time of the assignment.  *Thompson* v. *Emery*, 27 N. H. 269.
A purchase or assignment will bind the party, who has such knowl-
edge of facts and circumstances, as ought to put the assignee on en-
quiry.  Special notice thereof is unnecessary, nor need the as-
signee exhibit the instrument, or any other evidence.  *Meghan* v.
*Mills*, 9 Johns. 64 ; *Anderson* v. *Van Allen*, 12 Johns. 343 ; *Daven-
port* v. *Woodbridge*, 8 Greenl. 17 ; 14 Serg. & Rawle 137 ; Hill. on
Sales, 448 and 450 ; *Cameron* v. *Little*, 13 N. H. 23 ; *Jordan* v.
*Gillen*, 44 N. H. 428 ; 1 Par. on Con. 197.

It is the duty of the assignee, before purchasing in such cases, to
make enquiries, and if a loss arises, it falls on him, whose duty it
was to have made the enquiries, and who has not made them.  *Mang-
les* v. *Dixon*, 18 Eng. Law & Eq. 82, a leading case on this point.
So assignment will not defeat previous right, where the holder of
a judgment has a right, as owner thereof, to set it off against anoth-
er judgment against himself.  An assignment of the latter judgment
does not divest him of that right.  The assignee of the latter judg-
ment is deemed to take it subject to all equities.  *Chamberlin* v.
*Day*, 3 Cow. 353 ; *Utica Insuranre Company* v. *Powers*, 3 Paige
365.  These two New York cases disclose a state of facts similar to
the case before us.  So it has been held, that a debtor may off-set a
demand against the assignee, though the suit is in the name of the
assignor.  *Corser* v. *Craig*, 1 Wash. C. C. 424.

In *Wright* v. *Cobleigh*, 23 N. H. 35, and in *Goodwin* v. *Richard-son*, cited by counsel, we understand, the right to off-set judgments, even when they do not stand between the same nominal parties, is recognized to exist, under a fair construction of our statute on this subject. It is a right to be exercised by a court, sitting as a court of law *ex gratia*, and wholly within their discretion, and will not be enforced when equity will not be promoted, or when the rights of others will be seriously infringed.

Courts of equity follow the same general rules on the subject of set off, as courts of law, 1 Atkyns Rep. 237. *Duncan* v. *Lyon*, 3 Johnson Ch. 351; 1 Ben. Munroe, 194; 14 Johnson Rep. 63; 4 Conn. Rep. 302. Where injustice is likely to be done by reason ·of the insolvency of one of the parties, courts of law sometimes interpose their equitable powers. See the above cases last cited, also 1 Peere Williams Rep. 325. There is only this principle to be regarded, that a party in equity is entitled to a set off as a matter of right and courts of law allow a set off of judgments only, as before suggested, *ex gratia*. *Simpson* v. *Hart*, 14 Johnson Rep. 63.

Governed by the aforesaid rules, we think justice will be promoted between the parties to the record, *first*, by allowing plaintiff to receive his legal costs of suit. *Second*, defendant may set off his Melcher judgment, against plaintiff's claim limiting the amount to what he actually paid out, viz. $25.00, together with the actual costs paid by defendant, or for which he became liable in obtaining the Melcher judgment with interest on these sums from the time of payment up to the rendition of judgment in this case. If necessary, the clerk may be commissioner to adjust damages and costs, according to this order.