## Charles W. Jones et al. v. Timothy Smith et al.

*Assignment of mortgage: Notice.* Notwithstanding the assignment of a mortgage, the mortgagor, until actual or constructive notice of the assignment, is entitled to deal with the mortgagee, or his personal representative, on the supposition that no transfer has been made,—unless the mortgage was given to secure negotiable paper, and it was transferred before due,—and the assignee will be bound by such dealings.

*Equity jurisdiction: Satisfied mortgage: Cloud upon title.* Although a bill in equity may have some allegations proper in a bill to quiet title, and this object is included in the prayer for relief, but not maintainable on this ground alone, because the complainant is not shown to be in possession; yet, if the bill set forth also acts which show a well established ground of jurisdiction,—such as the cancelment of a mortgage which, although paid, is, nevertheless, held as an outstanding and existing security,—a court of equity will retain the bill and decree the surrender and cancelment of the mortgage.

*Mortgagor and mortgagee: Application of payments.* When a mortgagor pays money to the administrator of the mortgagee, with distinct reference to the ownership by the estate of the mortgage, and in the expectation and understanding, on both sides, that on the settlement the sums of money paid are to be taken into account against the mortgage, either as payment or by way of set-off, it is not important that they should have been regarded as payments at the time they were made; nor will it, necessarily, affect the right of the mortgagor to have them so applied, that he took, from time to time, as evidence of the sums of money paid, notes reserving annual interest.

*Heard January 11. Decided April 5.*

Appeal in Chancery from Kalamazoo Circuit.

The bill in this cause was filed by Charles W. Jones, Ephraim Jones, and John J. Johnson, in the Circuit Court for the County of Kalamazoo in Chancery, against Willard Jones, Gilbert C. Jones, and James Bassett, administrators of the estate of Harvey Jones, deceased, Timothy Smith, Allen Rossman, and Augustus McKinstry, to procure the discharge of record of a mortgage executed by Ephraim Jones to Harvey Jones, in his lifetime, upon the ground that it had been satisfied; the bill averring that the defendants, Rossman and McKinstry, claim to be assignees of the mortgage, and that they had, subsequently to the payment of the mortgage by the complainant Ephraim Jones, caused their assignment to be recorded, insisting that it was valid

and unsatisfied. The complainants deny any notice of the assignment of the mortgage until after it was paid, and aver that the mortgage constitutes a cloud upon their title; two of them, Charles W. Jones and John J. Johnson, being grantees of Epraim Jones of portions of the premises subsequent to the execution of the mortgage. The bill was taken as confessed by all the defendants except Timothy Smith, who answered. Issue was joined upon his answer, and proofs were taken. The cause was heard upon pleadings and proofs; the Circuit Court adjudged the mortgage to be satisfied, and decreed that it be surrendered and discharged of record; from which decree the defendant, Timothy Smith, appeals to this court.

*Stuart & Edwards* and *G. V. N. Lothrop,* for complainants.

1. The bond and mortgage of Ephraim Jones in the hands of the administrators of the estate of Harvey Jones was a chose in action unlike negotiable securities, incapable of transfer except by an assignment or agreement to assign *perfected* by notice to Ephraim Jones.—*Adams Equity, 53–4; 1 Pars. on Cont., 198–9; Campbell v. Day, 16 Vt., 558; Ward v. Morrison, 25 Vt., 593; Loomis v. Loomis, 26 Vt., 198; Comstock v. Farnum, 2 Mass., 95; Jones v. Witter, 13 Mass., 304; Chitty on Cont., 10 ed., 138 and notes.*

2. Until the notice of the assignment to the debtor, the rights and interests of the debtor are in no way affected by it. If, in the meantime, and before such notice, the debtor pays the debt to the assignor, or his subsequent assignee, he will be discharged. It is the *notice* of the assignment that binds the debtor, and devolves on him an equitable obligation in favor of the assignee. The assignment operates between the assignor and assignee only until

the act of notice takes place which brings the debtor into the arrangement.— *Crocker v. Whitney,* 10 *Mass.,* 316–19; *Mowry v. Todd,* 12 *Mass.,* 281; *Parkhurst v. Dickerson,* 21 *Pick.,* 310; *Litchfield v. Story,* 3 *Johns.,* 421; *Eels v. Finch,* 5 *Johns.,* 193; *Anderson v. Van Allen,* 12 *Johns.,* 343; *Briggs v. Dorr,* 19 *Johns.,* 95; *Megham v. Mills,* 9 *Johns,* 64; *Timan v. Leland,* 6 *Hill,* 237; *Wheeler v. Wheeler,* 9 *Cow.,* 34; *Muir v. Schenck,* 3 *Hill,* 230; *Huntington v. Potter,* 32 *Barb.,* 300; *Myers v. Davis,* 22 *N. Y.,* 489; *Robinson v. Howes,* 20 *N. Y.,* 84.

3. The assignee of a chose in action takes it subject to all the equities existing between the assignor and the debtor *at the time* the debtor *has notice* of the assignment.

*Severens & Burrows,* for defendant Smith.

The bill is not one for redemption of a mortgage,—it asks for no accounting, and there is no offer to pay any amount which might be found to be due upon it. It is the case of a bill filed to quiet title, and in such case the ground of the jurisdiction rests in the reason that the party is not in a position to force the holder of the adverse claim into an active assertion of his rights.

But in such a case as this, the court requires clear and indubitable proof of the right of the complainant. If the case is not clear, he will be left to his remedy by a bill to redeem, or to defend upon a bill for foreclosure. It is alleged in the bill (as seems to be necessary in this class of cases,—*2 Comp. L.,* § *3490*), that the complainants are in possession of the premises. This the answer does not admit, and there is no proof to support the allegation. The principle of the following cases seems applicable here: *Trustees of Louisville v. Gray,* 1 *Litt.,* 147; *Harris v. Smith,* 2 *Dana,* 10; *Clark v. Hubbard,* 8 *Ohio,* 382; *Smith*

*v. McConnell, 17 Ill., 135; Haythorne v. Margerem, 3 Halst. Ch., 341.*

To whatever head of equitable jurisdiction this bill may be referable we say that if the case did not satisfy the court that E. Jones had actual notice of the assignment, it is perfectly clear that the facts were sufficient to put him upon inquiry,—and that is equivalent to notice, and, conconsequently, that he paid the money to the administrator at his own peril; for the rule is, that when a party having knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries, does not make, but avoids making such obvious inquiries, he must be taken to have notice of those facts, which, if he had used such ordinary diligence, he would have readily ascertained.—*Anderson v. Van Allen, 12 Johns., 343; Wilkins v. Batterman, 4 Barb., 47; Whitbread v. Boulnois, 1 Y. & Col. Ex., 303; Tritt v. Colwell, 31 Penn. St., 228; Booth v. Barnum, 9 Conn., 286; Cameron v. Little, 13 N. H., 23–6; Sigourney v. Munn, 7 Conn., 324-33; Blaisdell v. Stevens, 16 Vt., 179.*

COOLEY, J.

The object of the bill in this case is to have a certain mortgage, which is described therein, decreed to be satisfied and discharged. The defendant Smith is assignee of the mortgage, and the claim of the complainants is, not that it has been paid to him, but that the mortgagor, in ignorance of the assignment, has made payments and advancements to the mortgagee and his representatives which satisfy it.

The mortgage in question was given by Ephraim Jones to Harvey Jones on the first day of April, 1847, and was conditioned for the payment of two thousand dollars, in seven equal annual payments, with annual interest; the first payment to be made April 1, 1849. Harvey Jones,

when the mortgage was given, resided in the State of New York, but he removed soon after to the State of Wisconsin, where he died in November 1849, and the defendant, Loyal H. Jones, was appointed administrator of his estate. Before the death of Harvey Jones, however, he had given the mortgagor an agreement, making the mortgage payable in fifteen annual payments instead of seven, and the mortgagor had made payments amounting to several hundred dollars.

By an instrument which bears date October 14, 1850, the administrators upon the estate of Harvey Jones assigned the mortgage to the firm of Rossman & McKinstry. The complainants deny that this assignment was made at the time it bears date, and the oral proof on the subject is not very satisfactory or conclusive. We do not regard this, however, as very important. Attached to the assignment, as given in evidence, is an instrument signed by Rossman & McKinstry, reciting that the assignment is made to secure an indebtedness of the estate to them of $5,273.31 and interest. This instrument is dated November 28, 1857.

Rossman & McKinstry assigned the mortgage to the defendant Smith, December 19, 1860, and the two assignments were recorded in the office of the register of deeds of the county where the lands lie, August 19, 1862. It is not claimed that prior to this recording the mortgagor had any actual notice of the assignments.

After the death of Harvey Jones the mortgagor made payments for the estate and advanced moneys to the administrator for the benefit of the estate, amounting in all, previous to the recording of the assignments, to more than sufficient to satisfy the mortgage. These payments and advances were none of them applied on the mortgage at the time they were made, but the mortgagor had a settlement with the administrator May 15, 1863, at which time a balance was struck against the estate of $2,500.34. At the time

of this settlement, the mortgagor was for the first time informed that the mortgage had been assigned, and was not then controlled by the administrator.

In view of these circumstances, and of some others which we shall mention further on, the question arises whether the complainants are entitled to the relief prayed.

I. There can be no doubt, we suppose, that until notice of the assignment, either actual or constructive, the mortgagor was entitled to deal with the mortgagee or his personal representative, on the supposition that no transfer had been made; and the assignee is bound by such dealings. This is a familiar principle of the law, and is only inapplicable in those cases where the mortgage is given to secure negotiable paper, and it is transferred before such paper is due. —*Williams v. Sorrell, 4 Ves., 389; Jones v. Witter, 13 Mass., 304; Meghan v. Mills, 9 Johns., 64; Muir v. Schenck, 3 Hill, 230; Robinson v. Howes, 20 N. Y., 84; Campbell v. Day, 16 Vt., 558; Ward v. Morrison, 25 Vt., 593; Vanbuskirk v. Insurance Co., 14 Conn., 145.* The demand which the mortgage in question was given to secure was not negotiable, so that no question can arise of the applicability of this principle to the case before us.

II. The defendants object, however, that the bill is in the nature of a bill to quiet title, and that consequently the complainants cannot have the relief prayed unless they show that they were in possession of the land when the bill was filed. The bill avers that complainants are in possession and that the mortgage constitutes a cloud upon their title; but as regards possession in fact there is no evidence. But we do not regard this as important. The bill, though containing allegations proper for a bill to quiet title, is in fact a bill for the cancelment and surrender of a satisfied security; and possession of the land by complainants is not essential. The

reason for requiring complainant, in a suit to quiet title, to show his possession, is, that otherwise he does not establish any necessity for resorting to equity at all; and legal titles should be settled at law whenever practicable. But a case like the present is within a well understood branch of equitable jurisprudence, and is independent of statutory regulations. See *Story Eq. Juris.*, §§ *700–706, Pettit v. Shepherd, 5 Paige, 501; Field v. Holbrook, 6 Duer, 597.*

III. The defendants also insist that the facts appearing in evidence do not establish the claim of complainants, that the payments and advances made by the mortgagor were made on the understanding that, so far as needful, they should be applied to satisfy it; but, on the contrary, they tend strongly to disprove any such understanding. We have given the arguments advanced for defendants on this point a good deal of consideration, without being able to reach this conclusion. The testimony on the part of the complainants is very postive, and the circumstance tending most strongly to throw doubt upon it, is the fact that notes were taken from time to time by the mortgagor for the moneys which the administrator received from him, which notes were made payable with annual interest. But when we consider that the moneys so received considerably exceeded the amount of the mortgage, and that the mortgagor resided a long distance from the administrator, and might not always find it convenient to enter into the proper calculations for balances, it is not very surprising that the transactions assumed this form. The notes would naturally be regarded as protecting the mortgagor for the time being, and they would enable him to obtain, in the final settlement, his proper interest on the excess advanced by him. And when we are considering the probabilities of truthfulness in the account given of the dealings between these parties, it is not an unimportant circumstance that they were

near relatives, and would be very likely to transact business more loosely and carelessly and to confide in each other more, than would be expected in the case of strangers.

And this remark will apply to what is urged on behalf of defendants, that the facts within the knowledge of the mortgagor were sufficient to put him upon inquiry concerning an assignment of the mortgage, and therefore should be held constructive notice of the assignments actually made. It appears that the estate was in debt and in want of money; but we see nothing in this circumstance, nor in any other which is proved, that would be calculated very distinctly to apprise the mortgagor, or even to lead him to suspect, that the administrator, who was his near relative, and in whom he had confidence, would be likely to abuse that confidence by disposing of the mortgage. It is not shown that he was cognizant of the fact that the estate was contracting debts with other persons; it is quite likely he supposed that his assistance alone was relied upon; and it is not reasonable to infer that he would have made advances to the extent he did, without security, on any other supposition.

We do not attach importance to the question whether the moneys received by the administrator were understood at the time to be actual payments on the mortgage or not. The testimony satisfies us that they were paid by the mortgagor with distinct reference to the ownership, by the estate, of this mortgage, and in the expectation and understanding on both sides that on the settlement they were to be taken into account against the mortgage, either as payment or by way of set off, and in either view the complainants are entitled to the relief prayed. The laches of the assignees has suffered the mortgagor to deal with the administrator of the mortgagee, without notice of the assignments, until, as against the administrator, the mortgage is

satisfied; and it must consequently be held satisfied as to the assignees also.

The decree appealed from must be affirmed, with costs.

The other Justices concurred.