## J. PAUL GROVE v. LEWIS G. JENNINGS.

1. CLOUD ON TITLE, *Removing* — *Practice.* In an action to remove a cloud upon a title, under a petition setting out all of the facts, similar to a bill in equity, and independent of statutory regulations, it is not necessary to allege that the plaintiff was in possession of the premises.

2. DEED IN ESCROW — *Redelivery, Unauthorized.* Where a deed has been duly executed and placed in escrow by the grantor, to be delivered to the grantee upon the payment of the purchase-price, and there is a redelivery of the deed by the depositary to the grantor; and there is no evidence to establish the fact that such redelivery was author-

ized, or that the grantee had failed to comply with the conditions:
*Held*, That the same was unauthorized, and that the findings and
judgment in this case are not supported by the evidence.

*Error from Harper District Court.*

THE opinion states the case.   Judgment for plaintiff, *Jen-
nings*, on October 31, 1888.   The defendant, *Grove*, comes to
this court.

*Shepard, Grove & Shepard*, for plaintiff in error.
*Geo. E. McMahon*, for defendant in error.

Opinion by GREEN, C.: This was an action brought by
Lewis G. Jennings against J. Paul Grove, to remove a cloud
upon the title to lot 17, in block 78, in the city of Anthony,
in Harper county, and to declare a certain decree of record in
the district court of said county affecting said real estate to be
null and void.   It was alleged that J. B. S. Coplin owned the
lot in question on the 14th day of January, 1885; that he and
his wife deeded it to the plaintiff; that the deed was filed for
record on the 29th day of January following; that afterward
Grove commenced an action against Coplin and wife to compel
the specific performance of a contract to convey said property
to him; that he obtained a decree for specific performance; and
that the same constituted a cloud upon the title of the plaintiff
to said premises.   A demurrer was interposed to this petition,
which was overruled.   The defendant answered, first, by a gen-
eral denial; second, he admitted that Coplin owned the real es-
tate in controversy on the 14th day of January, 1885; and
third, a cross-petition based upon the judgment and decree be-
fore rendered, and alleged that the deed from Coplin and wife
to the plaintiff was a cloud upon his title, and asked that he be
adjudged to be the owner of said premises.   A reply, deny-
ing the allegations of this cross-petition, was filed by the plain-
tiff.   A trial was had upon the issues thus joined by the court,
and judgment was rendered for the plaintiff.   The defendant
brings the case here.

I. The first assigned error is the overruling of the demurrer

to the petition. It is insisted that it lacks two material aver-
ments: First, that it did not state that the plaintiff was the
owner of the legal or any other title to said premises; second,
that the plaintiff was not in possession of the real estate.
The first proposition is not tenable. The pleadings state the
ownership in Coplin on the 14th day of January, 1885; the
plaintiff alleged that on said day Coplin and wife deeded to
the plaintiff. We think this a sufficient allegation of owner-
ship and title. The plaintiff in error insists that there is no
allegation of possession in plaintiff's petition, and that this is
necessary. Is possession necessary in an action to remove a
cloud from a title? The doctrine is well settled that courts
of equity will grant relief on the principle *quia timet;* that is,
that the deed or other instrument or proceeding constituting
the cloud may be used to injuriously or vexatiously embar-
rass or affect a plaintiff's title. (Pom. Eq. Jur., §1399.) While
there appears to be some conflict of opinion as to whether
possession is necessary, we think the greater weight of authori-
ties settles the question in favor of the proposition that, where
a party out of possession holds the legal title under such cir-
cumstances that the law cannot furnish him adequate relief,
his resort to equity to have a cloud removed ought not to be
questioned because he may be out of possession or the land
vacant. It is said that this was an action to quiet title, brought
under § 594 of the code of civil procedure, and that actual pos-
session was a prerequisite at the time the action commenced.
If this were true, counsels' position would be correct; but the
action was not brought under § 594, and we do not under-
stand that the statute in regard to quieting titles took away
any of the previously-existing equitable remedies. This case
comes within a well-understood rule of equitable jurispru-
dence, and is independent of statutory regulations. The re-
lief in such cases is of a kind given under the old practice
only in courts of equity, and in cases outside the limits of the
statute; and the facts must be fully stated, substantially as in
a bill in equity under the former chancery practice. (*Doug-
lass v. Nuzum,* 16 Kas. 515; Story, Eq. Jur., §§ 700–706;

*Pettit v. Shepherd,* 5 Paige, 501; *Field v. Holbrook,* 6 Duer,
597; *Jones v. Smith,* 22 Mich. 360.) Under this equitable
rule, a person who holds the legal title to land, though not
in possession, may, independently of the statute, maintain a
suit in equity to remove a cloud upon his title, and in such
suit the court may decree the reformation or cancellation of
records and the execution of deeds or releases. (*Hager v. Shind-
ler,* 29 Cal. 47; *Thompson v. Lynch,* 29 id. 189; *Kennedy v.
Northup,* 15 Ill. 148; *Redmond v. Packenham,* 66 id. 434;
*Booth v. Wiley,* 102 id. 84; *Tabor v. Cook,* 15 Mich. 322;
*Ormsby v. Barr,* 22 id. 80; *Jones v. Smith,* supra; *King v.
Carpenter,* 37 id. 363; *Low v. Staples,* 2 Nev. 209; *Almony
v. Hicks,* 3 Head, 39; *Pier v. City of Fond du Lac,* 38 Wis. 470;
*Bunce v. Gallagher,* 5 Blatchf. 481.)

II. It is next claimed that the findings and judgment of
the court below are not sustained by the evidence. This we
regard as the most serious question in the case. The evidence
established the fact that Grove had been negotiating for the
purchase of the lot in controversy before the defendant in
error purchased it, and that he had knowledge of such nego-
tiations. He understood that a deed had been executed by
Coplin and wife to Grove for this lot, and deposited in a bank
at Anthony; that this deed had been withdrawn from the
bank by Coplin, and Grove's name had been erased and his
own name inserted. The consideration had, also, been changed
from $175 to $375. There was no evidence to establish the
fact that the withdrawal and these erasures were authorized
by Coplin and wife, or either of them. There was no evi-
dence to show that the redelivery by the bank to Coplin was
authorized. The record is silent as to the conditions upon
which the deed was to be delivered to Grove by the bank; it
is not disclosed that the time had expired within which Grove
would have been entitled to the deed by paying the considera-
tion. There is no evidence to show Grove's consent to the re-
delivery to Coplin. Where a deed has been delivered as an
escrow, subsequent instructions by the grantor to the depos-
itary cannot change the original nature of the transaction.

(*Robbins v. Magee,* 76 Ind. 381; 6 Am. & Eng. Encyc. of Law, 863.) If Grove had fulfilled the conditions upon his part, the title would have vested in him without further delivery. The contract upon the part of Coplin and wife had been executed; the title had passed from them, subject only to the performance of the conditions upon the part of Grove. (*Farley v. Palmer,* 20 Ohio St. 223.) Now, without some evidence to show that the redelivery of the deed was authorized, and that he was lawfully entitled to it, we do not think there is sufficient evidence to uphold the findings and judgment of the trial court, and therefore recommend that the same be reversed.

By the Court: It is so ordered.

All the Justices concurring.