## DAY *v.* DAVEY.

1. TAX TITLES—BILL TO QUIET TITLE—POSSESSION—FRAUD.
   The owner of the original government title to land, although
   not in possession, may maintain a bill in chancery to cancel
   tax deeds purchased by one in possession under an agreement
   with the owner to pay the taxes, on the ground that the title
   was bought in complainant's interest, and held by fraud.

2. SAME—EVIDENCE.
   The evidence is *held* to be sufficient to show an arrangement
   that the tax deeds should be purchased in the interest of the
   original owner, provided it shall be made to appear that the
   agent purporting to represent the original title was in fact
   the representative of the owner.

3. SAME—OMISSION OF EVIDENCE—REMANDING CASE.
   The complainant having, through an oversight, omitted to
   show the fact of such agency, the case was remanded for the
   purpose of permitting him to supply the proof.

Appeal from Newaygo; Palmer, J. Submitted November 21, 1902. (Docket No. 120.) Decided January 27, 1903.

Bill by George A. Day against Egbert A. Davey and Alice L. Davey to set aside certain tax deeds. From a decree for complainant, defendants appeal. Remanded, with leave to complainant to supply proof.

*A. G. Day*, for complainant.

*Martin Rozema*, for defendants.

MONTGOMERY, J. This is a bill to have certain tax titles held by defendant Egbert A. Davey declared void as against the title of the complainant. The bill alleges and the evidence shows that the complainant is the owner of the original government title. In March, 1897, Davey became the purchaser of tax titles for the years 1892 and

1893.   The bill alleges that prior to April, 1896, the Home Guaranty & Trust Company owned the land covered by said tax titles, and by its agents employed one F. J. Covell and said Davey to cut the timber from the land, sell it, and use the money realized therefrom in paying up the back taxes on said land; that, under and by virtue of said employment and agency, the said Covell and Davey entered upon said land, cut and removed certain timber, sold the same for money, received the money therefrom, and bought in the tax titles aforesaid in their own name with the money received from the sale of the timber cut by them from the land by virtue of their confidential employment, and have ever since been in possession, in fraud of the rights of the Home Guaranty & Trust Company and its grantees, and that said Davey is now in possession by virtue of said fraudulent purchase, and has no other rights; and that said tax titles are void in the hands of the defendants in a court of equity, as against the Home Guaranty & Trust Company and its grantees. The bill further alleges that the defense and objections to the tax titles, based on these confidential relations, cannot be made in a court of law, and are only cognizable in a court of equity.   The circuit judge, upon the proofs made, granted the relief asked, except as to one description of land, which the complainant by his bill offered to release to Davey.   The defendants appeal.

The contention of defendants is that this bill cannot be maintained as a bill to quiet title, for the reason that it does not aver that the complainant is in possession, but, on the contrary, avers possession in defendants.   This contention is strictly correct, so far as it relates to an attempt to try the validity of the tax titles by alleging defects in the proceedings; but such is not the scope of the present bill. - This is a bill more properly to declare a trust.   The case falls within *Jones* v. *Smith*, 22 Mich. 360.   Where the bill brings the case within some other head of equity jurisprudence, possession by complainant is not essential to jurisdiction.   The complainant's right to attack these tax

titles is an equitable right. On the face of the record the title is in defendant, but the theory of the complainant is that the title was bought in in complainant's interest, and that defendant now fraudulently asserts a legal title to which complainant is equitably entitled. A resort to equity seems necessary to establish this right.

It is contended by defendants that there is no such proof of the arrangement between Covell and the representative of the original title as entitles complainant to assert the claim made. Without setting out the testimony at length, we think the inference that the circuit judge drew justified, viz., that the representative of the original title was given to understand that this title would be purchased in in the interest of the owner of such title, and that the defendant Davey was aware of this arrangement, and took his deed subject to it. The above statement is upon the assumption that the agent purporting to represent the original title shall prove to be and have been the representative of the owner at the time of the transaction in question. The testimony of complainant's witness was to the effect that he represented one Calvin E. Brown as the owner of the original title. The connection of Calvin E. Brown with the Home Guaranty & Trust Company is not made to appear by the testimony. There are indications that this was an oversight on the part of complainant.

The question is presented whether we should reverse this decree without prejudice, or whether another course would not better meet the exigencies of the case. We are disposed to direct that the case be remanded, with leave to complainant to supply the proof showing that Calvin E. Brown was in some way the representative of the Home Guaranty & Trust Company at the time this contract made between Draver, complainant's witness, and Covell was entered into; and, on such testimony being adduced, the case may be brought to hearing at the circuit. The appellants will recover the costs of this appeal.

The other Justices concurred.