## LEVINDALE LEAD & ZINC MINING CO. *et al.* v. FLUKE *et al.*

No. 4744. Opinion Filed June 29, 1915.

(150 Pac. 481.)

1. **QUIETING TITLE—Right of Action—Possession.** Section 6121, Comp. Laws 1909 (section 4927, Rev. Laws 1910), does not take away any of the previously existing equitable remedies, and one who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud from the title to said land, when the same is not in the actual possession of any one.

2. **CHAMPERTY AND MAINTENANCE—Sale by One Out of Possession—Indian Allotment.** Where an Indian allotment has been illegally sold by the allottee prior to the removal of restrictions as to alienation of said land, after the removal of such restrictions, and where the lands conveyed are not in the actual possession of any one, one does not violate section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), by taking a valid deed from such allottee to said allotment.

(Syllabus by Collier, C.)

*Error from District Court, Delaware County; John H. Pitchford, Judge.*

Action by Rolland D. Fluke and others against the Levindale Lead & Zinc Mining Company and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

This action was brought by defendants in error, hereinafter called plaintiffs, against plaintiffs in error, hereinafter designated defendants, to remove cloud from title upon the lands described in the petition in said cause. The case was tried to the court upon an agreed statement of facts, except as to possession of the lands.

The facts show that both parties claim title through H. C. Holderman, who is a Cherokee citizen, of one-fourth

degree; that there were restrictions upon the alienation of said lands until November 13, 1906, at which time a certificate of removal of restrictions was issued, dated September 12, 1906, and approved by the Secretary of the Interior on October 13, 1906; that, prior to the removal of said restrictions, said Holderman and wife executed a deed to said lands to a party, from whom, by a chain of title, the defendants claim the ownership of said lands, which said deed was duly recorded; that after the removal of said restrictions upon the alienation of said lands, and after the recording of said deed of said Holderman and wife to said parties, through whom defendants claim, said Holderman and wife executed a deed to said lands to a party through whom plaintiffs claim. The evidence shows that said lands were not in the actual possession of any one; and the trial court found that "neither the plaintiffs nor the defendants were in the exclusive possession of said lands at the institution of this action." Judgment was rendered for plaintiffs, decreeing that defendants had no right, title, or interest in said lands, and canceling their deed to same. Motion for new trial was filed by defendants, which motion was overruled. From the judgment rendered, this appeal is prosecuted.

*George B. Denison,* for plaintiffs in error.

*William T. Rye,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). There are a great many errors assigned, but, from the view we take of the case, the vital question is as to the title to said lands, and whether or not actual possession is necessary to authorize plaintiffs to maintain the action. The claim of title of the defendants is based upon a deed, executed prior to the removal of restrictions upon

the alienation of said land, and therefore the same, being in direct violation of the laws of the United States, was void. Consequently the parties claiming under said deed never acquired any title; and it is entirely immaterial whether or not plaintiffs were advised that said deed was executed by said allottee to the party under whom defendants claim, and said defendants can claim no benefit by reason of the plaintiffs having such knowledge prior to the execution of said deed of the allottee and wife to plaintiffs.

The lands were unoccupied and the deed which is the basis of the chain of title of plaintiffs was executed subsequently to the removal of restrictions upon the alienation of said lands and conveyed a good title to the parties under whom plaintiffs claim, free from any infirmity by reason of the provisions of section 2215, Comp. Laws 1909 (section 2260, Rev. Lands 1910). It therefore follows that the title to said lands is vested in plaintiffs, and the court did not err in so holding.

With the above question disposed of, the sole question remaining is whether or not actual occupancy must be alleged in the petition and proved, in order to entitle plaintiffs to maintain their action. This action may be maintained by one in actual possession, under section 4927, Rev. Laws 1910, or it may be maintained under well-established equitable jurisprudence by any one in whom the legal title is vested, where the lands are entirely unoccupied.

In *Grove v. Jennings*, 46 Kan. 366, 26 Pac. 738, construing section 594 of the Kansas Code, which is identical with section 4927, Rev. Laws 1910, the court said:

"The plaintiff in error insists that there is no allegation of possession in plaintiff's petition, and that this is

necessary. Is possession necessary in an action to remove a cloud from a title? The doctrine is well settled that courts of equity will grant relief on the principle *quia timet;* that is, that the deed or other instrument or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect a plaintiff's title. Pom. Eq. Jur., sec. 1399. While there appears to be some conflict of opinion as to whether possession is necessary, we think the greater weight of authorities settles the question in favor of the proposition that, where a party out of possession holds the legal title under such circumstances that the law cannot furnish him adequate relief, his resort to equity to have a cloud removed ought not to be questioned because he may be out of possession or the land vacant. It is said that this was an action to quiet title, brought under section 594 of the Code of Civil Procedure, and that actual possession was a prerequisite at the time the action commenced. If this were true, counsel's position would be correct; but the action was not brought under section 594, and we do not understand that the statute in regard to quieting titles took away any of the previously existing equitable remedies. This case comes within a well-understood rule of equitable jurisprudence, and is independent of statutory regulations. The relief in such cases is of a kind given under the old practice only in courts of equity, and in cases outside the limits of the statute; and the facts must be fully stated, substantially as in a bill in equity under the former chancery practice. *Douglass v. Nuzum,* 16 Kan. 515; Story. Eq. Jur., secs. 700-706; *Pettit v. Shepherd,* 5 Paige, 501 [28 Am. Dec. 437]; *Field v. Holbrook,* 6 Duer [N. Y.] 597; *Jones v. Smith,* 22 Mich. 360. Under this equitable rule, a person who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud upon his title, and in such suit the court may decree the reformation or cancellation of records and the execution of deeds or releases. *Hager v. Shindler,* 29 Cal. 47; *Thompson v. Lynch,* 29 Cal. 189; *Kennedy v. Northrup,* 15 Ill. 148; *Redmond v. Packenham,*

66 Ill. 434; *Booth v. Wiley*, 102 Ill. 84; *Tabor v. Cook*, 15 Mich. 322; *Ormsby v. Barr*, 22 Mich. 80; *Jones v. Smith, supra; King v. Carpenter*, 37 Mich. 363; *Low v. Staples*, 2 Nev. 209; *Almony v. Hicks*, 3 Head [Tenn.] 39; *Pier v. City of Fond du Lac*, 38 Wis. 470; *Bunce v. Gallagher*, 5 Blatchf. 481 [Fed. Cas. No. 2,133]."

Said section 4927, Rev. Laws 1910, was adopted from Kansas, and the decisions of that state, prior to its adoption by this state, are controlling.

In *Grove v. Jennings, supra*, the case of *Douglass v. Nuzum*, 16 Kan. 515, is quoted and approved. In *Taylor P. Christy v. Myram S. Springs*, 11 Okla. 710, 69 Pac. 864, it is said:

"The section quoted is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the possession, and, of necessity, such possession must be an actual one. Constructively, the owner of land is as much in possession where it is occupied by his tenant as when occupied by himself. If the possession mentioned in this section is a mere constructive one, then the words 'or tenant' have no significance; but, by giving the word 'possession' its primary and legal meaning, the words 'or tenant' become important, and authorize the action upon the possession by tenant. The defendant had not the actual possession necessary to entitle her to maintain the action under the section quoted. However, independent of the statute, an action to quiet title may be maintained by the holder of the legal title, where he is not in possession, if the premises be vacant and unoccupied."

Under the view expressed by us, the amended petition in this cause stated a cause of action, and the court did not err in overruling the demurrer thereto. Other errors are assigned than the ones considered; but, under the

view we express herein, we deem it unnecessary to review them.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.