UNION PAVING COMPANY, a Corporation, Appellant, *v.* ROGER TEGLIA, Respondent.

No. 3797

October 7, 1954.

274 P.2d 841.

*John Shaw Field* and *Morgan Anglim,* of Reno, for Appellant.

*Ernest S. Brown,* of Reno, for Respondent.

# OPINION

By the Court, BADT, J.:

Roger Teglia, plaintiff below, filed his bill in equity to compel specific performance by Union Paving Company, a corporation, defendant, of an oral contract to convey two parcels of land to the plaintiff under the circumstances hereinafter recited.[1]

---

[1]There is much discussion in the briefs as to the nature of the cause of action pleaded in the complaint. We by-pass these discussions, as a claim for relief in specific performance is sufficiently pleaded under Rule 8(a) N.R.C.P. under numerous constructions by the federal courts of pleadings under the corresponding Rule 8(a) of the Federal Rules of Civil Procedure. See Annotations, Title 28, U.S.C.A. 262, Notes 8, 9 and 10.

In 1934 defendant was engaged in performing certain paving contracts between Reno and Sparks in Washoe County, and was in need of gravel for the purpose. Finding such a source of gravel on plaintiff's property, defendant purchased from him a tract of approximately 4.12 acres for an agreed consideration of $2,030, and plaintiff executed and delivered his deed for same with a reservation of a thirty-foot strip for ingress and egress to his other property. In 1942 defendant required further gravel, and its president, who was the manager and principal stockholder of the corporation, approached plaintiff for the purpose of acquiring additional gravel lands. Plaintiff was reluctant to sell. He testified: "This involved an alfalfa field, one of our best strips of land along the ranch. I told him that I did not want to sell it under any conditions. He said: 'We have got to have it. We are up against it. There is a time limit to meet the contract. I have just got to have that land.' * * * Finally we came to a decision that he would dig out the land at a certain depth that would conform with our lower field, which I suggested if he would do that I would sell it to him at the lesser price, provided he would convert all the land back to us after the job was finished."

It later became clear that the reference to reconveyance of "all the land" was to the parcel conveyed in 1934 and the parcel conveyed in 1942. The plaintiff testified positively that the consideration for the 1942 deed for the second parcel of land, in addition to the consideration of $2,034.50 recited in the deed, was that the same should be executed, acknowledged and delivered to the defendant corporation only upon its representation and promise that when it had finished removing the gravel both parcels would be reconveyed to plaintiff, and that this would be done after the completion of the contract and not later than January 1, 1948. The deed of reconveyance was to be drawn and placed in escrow. Plaintiff desired to have his attorney draw this deed, but defendant insisted that it be drawn by its own attorneys, whom it paid by

the year. When plaintiff was disposed to withhold delivering his deed for the second parcel to the defendant, defendant's president assured him: "My word is good. * * * You never have to worry about what I tell you. When I tell you it is good, you will get the papers." Plaintiff testified: "I took him at his word." He thereupon executed his deed to the second parcel conveying 3.13 acres, and after receiving the monetary consideration delivered the deed to the defendant. The testimony was undisputed. Defendant offered no evidence. The court made formal findings reciting the foregoing and entered a judgment ordering defendant to reconvey both parcels of property, or that in failure thereof the clerk of the court do so.

Defendant objected to all of the plaintiff's testimony on the ground that its purpose was to vary the terms of the 1934 and 1942 deeds which recited the money consideration only. This objection was overruled, as was defendant's motion to strike the testimony upon the same ground, and defendant's motion to dismiss under Rule 41(b) N.R.C.P. It seeks a reversal on its assignment that this was error; on the second ground that plaintiff's action is barred by the statute of frauds; on the third ground that it is barred by laches; and upon the fourth ground that by reason of the position taken by the plaintiff in the lower court, he had bound himself to a statutory action to quiet title whose provisions and conditions prevented a recovery at law.

1. The oral testimony was not for the purpose of varying the terms of the deed but simply to show the true consideration. The objection to the testimony was therefore properly overruled. Burns v. Loftus, 32 Nev. 55, 104 P. 246.

2. We have noted that the suit was one for specific performance and that the judgment was for a reconveyance of the land by defendant to plaintiff. Plaintiff's

part of the contract was to convey parcel 2 to the defendant. This he did in consideration of the defendant's promise to reconvey both parcels. There was accordingly a partial performance, and defendant's plea of the statute of frauds can avail it nothing. Section 1531, N.C.L.1929, provides: "Nothing contained in this act ['An Act Concerning Conveyances,' which includes the statute of frauds] shall be construed to abridge the powers of courts to compel the specific performance of agreements in cases of part performance of such agreements."

3. Plaintiff made repeated demands on defendant in the years 1948, 1949, 1950 and 1951 for a reconveyance. In 1945 and 1946 he called at defendant's office for a like purpose but defendant refused to see him. In the meantime plaintiff was in possession of the land. The trial court found that he was not guilty of laches and we see no reason for disturbing this finding. His delay in bringing his action resulted in no prejudice to defendant, did not cause defendant to change its position in any respect and did not result, so far as the record indicates, in the departure or nonavailability of any witnesses, the loss of evidence of any kind or other prejudice. See 19 Am.Jur. 352, Equity, secs. 508, 509 and notes.

4. Plaintiff did indeed take inconsistent positions with reference to his cause of action when presenting the case to the district court. Throughout, however, he stood upon his contention that he had conveyed parcel 2 for the express consideration of defendant's oral promise to reconvey parcels 1 and 2. Thus the remedy of specific performance of an oral contract to convey, upon plaintiff's performance by his conveyance to defendant, was supported both by the pleadings and the proof, irrespective of the fact that plaintiff also urged his right to a statutory decree quieting his title. See Low v. Staples, 2 Nev. 209, Reprint 1–2, Nev. 723. Whatever prejudice might have existed to plaintiff's

right to recover under such circumstances under our former practice, we are satisfied that under the liberal procedure afforded by our present rules of practice, the pleadings and the proof sufficed to support a recovery upon the equity claim. See Clyde v. Broderick, CCA Colo. 1944, 144 F.2d 348, and cases therein cited.

Defendant contends that under no circumstances can parcel 1, conveyed outright to defendant in 1934, be made the subject of the oral contract to reconvey. As the oral contract of 1942 is undisputed and as such contract to reconvey applied definitely to both parcels, and was fully performed by the plaintiff, there appears no reason why equity should not afford its remedy with respect to both parcels.

Defendant asserts that plaintiff's plight is the result of his own negligence and carelessness, against which equity will not relieve. The cases cited in support of this contention are not in point upon the facts, and we cannot accept the contention that because plaintiff was negligent and careless in accepting the statement of defendant's president that his word was good, this will defeat his right to recover.

As appellant's assignments of error are without merit, the judgment is hereby affirmed with costs.

EATHER, C. J., and MERRILL, J., concur.