## ROBERTSON et ux. v. BATTLES.

No. 14525—Opinion Filed Dec. 11, 1923.

Rehearing Denied Jan. 15, 1924.

### Limitation of Actions—Reformation of Deed —Misdescription.

In an action by the grantee to reform a deed as to the description of the land where the deed contained an impossible description, and where the grantee has been in open, notorious, and adverse possession for more than ten years before the discovery of the mistake and placed valuable improvements on the land, and there has been no intervening adverse right, and his title has not been questioned, the statutes of limitation do not apply.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by W. A. Battles against Jessie M. Robertson and Charles Robertson. Judgment for plaintiff, and defendants appeal. Affirmed.

John Watkins and Robert W. Miller, for plaintiffs in error.

R. E. Jackson, for defendant in error.

Opinion by RAY, C. This is an action by the grantee against the grantors to reform a deed conveying certain lands in Muskogee county. The reformation sought was the correction of the description of the land in this, that the land was described in the deed as lying in range 19 west, when it should have been range 19 east. The land was conveyed on the 9th day of March, 1912, and the deed recorded the same day. The action was commenced on the 20th day of January, 1923. The defense answered: (1) A general denial, and (2) pleaded the statutes of limitation. There is no dispute as to the facts, the defendants having offered no testimony. The grantee wrote the deed and caused it to be recorded. He immediately went into possession of the land and placed valuable improvements thereon, and has been in open, notorious, and adverse possession since that time. His title has never been questioned.

The grantor relied on the 6th subdivision of section 185, Comp. Stat. 1921:

"An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

And section 192, Comp. Stat. 1921:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or set-off."

If this action is barred, it is by subdivision 6 above quoted and falls within "An action for relief, not hereinbefore provided for". Is this an "action for relief" in the sense used in the 6th subdivision? In this instance no relief is sought from the defendants. There is no charge of fraud. There is no charge that the mistake was made by the grantors or that they had knowledge of it. The mistake was entirely the mistake of the grantee, plaintiff in this action. He wrote the deed and placed in it a wrong description of the land. Instead of describing the lands as lying east of a certain meridian he described it as west of that meridian. He gave it an impossible description, for there is no land in Muskogee county properly described as "range 19 west". He paid the full cash price and went into possession, and had been in possession about 11 years when he discovered the mistake. The grantors have never asserted title or questioned that of the plaintiff. They are not doing so now. The plaintiff is not asking relief from any fraud or mistake on the part of the grantors as to any claim set up by them. The relief sought is relief from a mistake in description made by the plaintiff in writing the deed. It is not contended that the grantors sought to practice a fraud on the grantee, and it is therefore contended that it was a mutual mistake. Statutes of limitation are statutes of repose, enacted to give relief against fraudulent and stale claims. There is no claim here against the grantors except that they refused to execute another deed when the mistake was discovered. This right of action was a continuing one and nothing had occurred to start the running of the statute until the refusal of the grantors to correct the mistake by the execution of another deed. In the absence of an adverse claim, or some intervening right, the right of action is a continuing one, and the statutes of limitation do not apply. This view of the law has been sustained by this court and the Kansas court in the analogous actions to quiet title and remove cloud from title. This court, in Hutchinson Lumber Co. v. Lewis, 89 Okla. 145, 214 Pac. 721, said:

"An action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought."

In Cooper v. Rhea, 82 Kan. 109, 107 Pac. 799, the court said:

"The right to maintain an action to remove a cloud from a title is a continuing one to which the statute of limitations is not applicable."

It is contended that, following Jones v. Woodward, 50 Okla. 704, 151 Pac. 586, the acceptance of the instrument containing the mistake conveyed notice of such mistake and the statutes of limitation began to run at that time. But we do not agree that the holding in that case is applicable to the facts in this case. Here, there is no intervening right, no adverse claim. The grantors received full compensation for the land and have no interest in it.

The judgment should be affirmed.

By the Court: It is so ordered.