## FIRST STATE BANK OF VIAN v. ARMSTRONG.

No. 20098.   Opinion Filed June 23, 1931.

Roy Frye, for plaintiff in error.

W. A. Carlile, for defendant in error.

CLARK, V. C. J. This is an appeal from the action of the district court of Sequoyah county in vacating a judgment upon the petition filed in the original action by R. W. Armstrong, one of the defendants in the said original action, which judgment sought to be vacated was rendered by the district court of Sequoyah county in an action styled, First State Bank of Vian against George W. Whitmire, Kitty E. Whitmire, and R. W. Armstrong.

The petition to vacate the judgment alleged, in substance, that the said R. W. Armstrong was defendant in the action; that he filed therein his separate answer and disclaimer, and thereafter personal judgment was rendered against him in said action; that the said judgment is void for the reason that the petition failed to state a cause of action against him; that the journal entry of judgment shows on its face that all of the defendants were in default, when, in truth, he had filed his separate answer and disclaimer; that default judgment was rendered against him therein; that he does not know whether said judgment was procured by fraud or mistake, but alleges that it was procured either by fraud or mistake, because he was not in default, and had no opportunity to have his day in court; that the judgment was rendered during a motion day of the court and not at a regular term of the court; that the cause was never placed on a regular docket for trial; that he never at any time assumed the indebtedness sued on; that he never at any time had any notice of the

hearing of the matter, and did not learn that personal judgment had been rendered against him until about the 7th day of February, 1928; that the personal judgment was rendered without the taking of any testimony; prayed that the said judgment be set aside and vacated, and he be permitted to have his day in court.

Petition to vacate judgment was filed March 17, 1928. Plaintiff in said action, the First State Bank of Vian, a corporation, filed demurrer on the grounds said petition to vacate did not state facts sufficient to constitute the grounds for relief therein prayed for. Demurrer was overruled and exceptions saved, and the plaintiff, First State Bank of Vian, filed reply to the petition of defendant, R. W. Armstrong, by way of general denial. Upon a hearing the trial court sustained the petition of the defendant, R W. Armstrong, and vacated the personal judgment against the said R. W. Armstrong. Motion for a new trial filed, overruled, exception saved, and the First State Bank of Vian, plaintiff below, brings the cause here for review.

The plaintiff in error's first assignment of error is:

"That the court erred in overruling the demurrer of plaintiff in error to the petition to vacate said judgment of defendant in error."

A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer; and, where a pleading states facts upon which the pleader is entitled to any relief under the law, the general demurrer should be overruled. Brookshire v. Burkhart, 141 Okla. 1, 283 Pac. 571.

And after a review of the petition to vacate the judgment and the exhibits attached thereto, we hold that the same states facts sufficient to state a cause of action.

The second contention of plaintiff in error is that the judgment of the court in granting the prayer of the petition to vacate is contrary to both the law and the evidence governing this case.

The original action in which the judgment was rendered was brought by plaintiff in error upon a note and mortgage, and for foreclosure of the real estate mortgage. The note and mortgage were executed by the codefendants of defendant in error, and not by defendant in error herein.

The original petition alleged, with reference to the liability of the defendant in error herein, as follows:

"Plaintiff states that the defendant, R. W. Armstrong, after the execution and delivery of said note and mortgage, herein sued upon, entered into a contract with the defendants George W. Whitmire and Kitty E. Whitmire, his wife, whereby the said R. W. Armstrong purchased of and from said defendants the above-described real estate, and did receive and accept a deed from said defendants thereto, that part of the consideration of said deed was that the said R. W. Armstrong should assume and pay the mortgage of this plaintiff, and by reason of acceptance of said deed, the agreement in said mortgage of plaintiff herein should be considered a portion of the purchase price for said lands; that the defendant, R. W. Armstrong, did thereupon become liable and bound to pay the mortgage debt to this plaintiff and that the interest of said R. W. Armstrong in said lands is subject to the plaintiff's mortgage herein sued upon. Prayed for personal judgment against R. W. Armstrong for the sum of $1,297.86. * * *"

The defendant in error herein filed in the original action his answer and disclaimer as follows:

"Comes now the defendant, R. W. Armstrong, in the above numbered and styled cause, and for his separate answer to the petition of the plaintiff herein, disclaims any right, title, or interest in and to the land, property or real estate, be what it may, herein involved and for his grounds sets forth that he, the said defendant, R. W. Armstrong, did on the 16th day of January, 1926. and prior to the commencement of this action, release, quitclaim, and deed all his claim, right, title or interest, in and to said lands, by giving a quitclaim deed to his interest therein on the last above written to one W. W. Thorton, of Vian, Oklahoma. Wherefore, said defendant, R. W. Armstrong, asks to be hence discharged with his costs."

The judgment rendered in said cause, which the defendant in error made application to have vacated, reads in part:

"Now, on this the 23rd day of June, A. D. 1927, the same being one of the regular judicial days of the adjourned May, 1927, term. * * * there comes on for hearing the above styled cause. * * * and the defendants having been three times called in open court to appear, plead, or answer in said action, comes not, but makes default: whereupon the court examines the return of the officers filed herein, and finds that the defendant, * * * R. W. Armstrong, have been duly and regularly served with summons; * * * thereupon said defendants are adjudged to be in default and said cause is submitted to the court upon the proof and evidence of the plaintiff from which the court finds * * *

62

"The court further finds that the defendant, R. W. Armstrong, is claiming some right, title, interest in and to the premises hereinbefore described, by reason of a certain contract entered into between the said defendants George W. Whitmire and Kitty Whitmire and R. W. Armstrong, wherein the said R. W. Armstrong accepted a warranty deed from the said George W. Whitmire and Kitty Whitmire to the premises above described, and agreed in said consideration of said warranty deed to pay the mortgage indebtedness belonging to this plaintiff making said mortgage indebtedness a portion of the consideration for the lands so purchased, whereby the said defendant, R. W. Armstrong, has become personally liable to this plaintiff for the sums above mentioned, by reason of said contract and agreement hereinabove set forth."

And the court therein rendered judgment against the defendants, including defendant in error herein, for the debt.

The deed from the Whitmires to defendant in error, under which the plaintiff in error claims that the defendant in error agreed expessly or impliedly to pay the debt of the plaintiff in error, reads as follows:

"Warranty Deed.

"Know all men by these presents: That George W. Whitmire and Kitty Whitmire, his wife, * * * in consideration of the sum of $380 in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, and convey unto R. W. Armstrong the following described real property and premises. * * *

"It is agreed that George Whitmire is to have the rents on this land for the year 1928, together with all improvements thereon, and the appurtenances thereunto belonging, and warrant the title to the same.

"To have and to hold said described premises unto the said parties of the second part, heirs, and assigns, forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature. Signed."

This deed is a warranty deed, and shows on its face that he purchased the lands free and clear, for the consideration therein named.

There are no contractual relations existing between the grantee in the deed, R. W. Armstrong, defendant in error herein, and the mortgagee, plaintiff in error herein, and no obligation on the part of defendant in error to pay the mortgage debt as between the defendant in error and the plaintiff in error. If any obligation existed at all to pay the mortgage debt, it was between the grantee in the deed, defendant in error, and the grantors in the deed, and the liability would have been to the grantors and not to the mortgagee.

The case of Sanderson v. Turner, 73 Okla. 105, 174 Pac. 763, relied upon by plaintiff in error, was an action by grantor against the grantee in the deed. The holding in that case is to the effect that, where land is sold subject to a mortgage and the amount secured by the mortgage is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the indebtedness secured by the mortgage.

In the case of Beardsley v. Stephens, 134 Okla. 243, 273 Pac. 240 this court in the opinion, at page 246, said:

"The assumption clause in a deed is inserted primarily for the protection of the grantor, and where the debt is a personal obligation of the grantor, it is necessary for his protection that the assumption clause be inserted, and not for the benefit of the mortgagee. * * *

"It has also been repeatedly held that, where a grantee buys property subject to a mortgage, which he does not assume and agree to pay, said grantee does not become personally liable for the payment of the mortgage. Baily v. State, 72 Okla. 203, 179 Pac. 615; Van Eman v. Mosing, 36 Okla. 555, 129 Pac. 2. These cases are based on the theory that, unless it otherwise affirmatively appears, the purchaser is buying only the equity of redemption."

And in the case of Johnson v. Davis, 146 Okla. 170, 293 Pac. 197, in the second and third paragraphs of the syllabus, this court said:

"2. When one merely purchases the equity of redemption, simply buying the land subject to the mortgage thereon, he does not become personally liable for the mortgage debt.

"3. Where a mortgage debt forms a part of the consideration for the purchase of land, the purchaser is bound to indemnify the mortgagor upon his payment of the debt, though the purchaser has not expressly contracted to pay it, for equity implies to him a contract of indemnity in favor of his grantor to the extent of the mortgage debt, and he is liable to the grantor upon his being compelled to pay it."

In the case at bar, where defendant in error took a warranty deed for a specified consideration, the receipt of which was acknowledged, no mention was made of incumbrances existing on the lands, but, on the other hand, the grantor warranted the title free and clear of all incumbrances. Under such circumstances there was no contractual relation existing between the plain-

tiff in error, mortgagee, and the grantee, defendant in error, and under the holdings of this court the only obligation existing at all, if any, was the implied obligation of grantee to indemnify the mortgagor, who was the grantor in the deed, upon his payment of the debt.

In the case at bar, as shown by the judgment sought to be vacated, judgment was rendered by default, and specified that the defendant in error had failed to appear, plead, or answer in said cause, when in truth and in fact he had filed answer and disclaimer in said cause.

With reference to discretion of trial court in setting aside default judgment, this court in the case of Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 Pac. 297, said in the first paragraph of the syllabus:

"An application to set aside a default judgment filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

And in the case of State v. State ex rel. Shull, 142 Okla. 293, 286 Pac. 891, fifth paragraph of the syllabus, this court defines "abuse of judicial discretion" as follows:

"Abuse of judicial discretion is a discretion exercised to an end or purpose not justified by and clearly against reason and evidence."

We, therefore, hold that the action of the trial court in granting the petition was not a discretion exercised to an end or purpose not justified by law and clearly against reason and evidence; and that such discretion was exercised so as to promote the ends of justice. Hence, the judgment of the trial court in granting the petition of plaintiff below and vacating the judgment is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.