### HUDSON v. SMITH et al.

No. 25268. March 5, 1935.

McCollum & McCollum and Wilcox & Swank, for plaintiff in error.

S. J. Berton, for defendants in error.

GIBSON, J. The parties will be referred to as they appeared in the trial court.

Plaintiff's petition alleges in substance as follows: That prior to September 10, 1919, he was the owner of the complete fee-simple title in and to a certain tract of land in Payne county, Okla., containing 127.50 acres, which he specifically sets out by legal description. That on said date the plaintiff and his wife executed a warranty deed to Ellis E. Wheeler, who was joined as a defendant at the trial, wherein said lands were conveyed to the said Wheeler with certain reservations. The deed appears as an exhibit to the petition and grants as follows:

"The surface of the east half of the southwest quarter of section 5 and lot 2 and the northeast quarter of the northwest quarter of section 8 in township 18 north of range 5 east of the I. M. and containing 127.50 acres more or less; and an undivided fifteen-sixteenths interest in and to the oil and gas in and under said land, reserving to said grantors the right to enter upon said land for the purpose of exploring, developing and taking care of the oil and gas in and under said land; it is expressly understood that the grantors are to receive no part of any bonus or rental that may hereafter be paid on any oil or gas lease on said land."

It is alleged that said deal was accompanied by verbal statements between the parties showing that it was clearly understood between them that the one-sixteenth of the oil and gas so reserved should and did have the legal effect of a reservation of one-half of the usual or customary royalty free and clear of all cost of production, and that such was the contract between the parties to the deed.

It is further alleged that at the time of the execution of said deed there was no recognized standard, method, or form for the conveyance or reservation of oil and gas rights; that a one-eighth royalty was the usual royalty reserved in oil and gas leases; that some lawyers and most laymen thought that in order to reserve one-half of royalty rights it was proper to reserve one-sixteenth of all such oil and gas in a conveyance such as the one in question, and that such was the understanding between plaintiff and Wheeler when the deed was executed, that plaintiff should be entitled to one-half the royalty free of cost of production.

It is alleged, further, that the defendants Smith received from Wheeler a conveyance of a portion of said lands and that plaintiff's reservation was duly excepted in said conveyance, and that said Smiths recognized plaintiff's interest as a one-half royalty interest by written agreement dated February 11, 1932, which agreement appears as an exhibit to the petition.

It is also alleged that Wheeler conveyed the remaining portion of said lands to Guy E. Ferguson, which conveyance duly excepted the reservation of the plaintiff, and that the Smiths and Fergusons were duly notified by Wheeler at the time of the conveyances that the plaintiff's interest was a one-half royalty interest; that Ferguson had since died and that the defendants Ferguson are his heirs; that said heirs had recognized plaintiff's interest as a one-half royalty interest by virtue of certain probate proceedings in the county court of Payne county. There is the further allegation that no rights of innocent purchasers have intervened.

It is alleged that by reason of the uncertainty of said reservation, and by reason of recent declarations and contentions of the defendants Smith and defendants Ferguson that the plaintiff's interest is not a royalty interest free from cost of production, his title has become clouded and is not now in a merchantable condition; that by reason thereof he recently failed in a sale thereof, and that he brings this suit for the purpose of quieting his title and defining same and clarifying the record as to his interest and the interest of defendants.

Plaintiff prays a decree to the effect that he and his heirs own an undivided one-sixteenth interest in and to the oil and gas and other minerals in and under said lands;

that said interest is a royalty interest free and clear of all cost of production; that his title thereto be quieted; that, if necessary, the deed to Wheeler dated September 10, 1919, be reformed to show that the interest therein reserved was a royalty interest.

To the petition the defendants, Smith and Ferguson, filed a joint demurrer, general in form except there was coupled therewith a demurrer raising specially the statute of limitations. The demurrer was sustained, plaintiff elected to stand on his petition, and the case was dismissed.

The defendants submit three propositions to support the judgment sustaining the demurrer as follows:

(1) That the deed from plaintiff to Wheeler is fair on its face and expresses clearly the intention of the parties, and that a construction thereof can be had without the aid of parol evidence.

(2) That the plaintiff is suing for personal property, and therefore suit cannot be maintained until an attempt has been made to dispossess him.

(3) That the petition asks for the reformation of a feed made in 1919, and such action is barred by the statute of limitations.

If the petition sets up facts sufficient to entitle the plaintiff to any relief under the law, a general demurrer to such petition should be overruled, and a liberal construction should be given to all the allegations therein. The long established rule as stated in First State Bank of Vian v. Armstrong. 150 Okla. 60, 300 P. 763, is as follows :

"A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer; and where a pleading states facts upon which the pleader is entitled to any relief under the law, the general demurrer should be overruled." (See Burkshire v. Burkhart, 141 Okla. 1, 283 P. 571, 67 A. L. R. 1059.)

The petition reveals that the plaintiff reserved for himself, and still owns, an interest in the oil and gas in place under the premises conveyed.

That such interest may properly be reserved to a grantor is a well-recognized principle in this state (Dunlap et al. v. Jackson, 92 Okla. 246, 219 P. 314, and cases cited) ; and that such interest is an interest in land (Humphrey v. Taylor et al., 106 Okla. 38, 233 P. 180; Myers v. Hines, 149 Okla. 232, 300 P. 309; Cuff v. Koslosky, 165 Okla. 135, 25 P. (2d) 290; White v. McVey, 168 Okla. 19, 31 P. (2d) 850) ; and where the title thereto becomes clouded or imperfect, a suit in equity will properly lie to quiet title and for such other relief as may be necessary to clarify and perfect the same, as stated by this court in Wilson v. Cox, 100 Okla. 300, 229 P. 267 :

"The right of the owner of land to the oil, gas, and other minerals beneath it is a proper subject of sale and may be granted or reserved, and the exception in the deed from the plaintiff to Rice reserved to the grantor an interest in the fee (Rich v. Doneghey, 71 Okla. 204, 177 P. 86, 3 A. L. R. 352; Barker v. Campbell, 64 Okla. 249, 167 P. 468) ; and if the title, reserved in the plaintiff by virtue of such exception, was so clouded as to render it unsalable in the market, no reason is perceived why such cloud should not be removed by a court of equity. (Wilson v. Bombeck et al., 38 Okla. 498, 134 P. 382, 5 R. C. L. 657; Randolph v. Mullen, 73 Okla. 199, 175 P. 512. It has been held by this court in Levindale Lead & Zinc Mining Co. v. Fluke et al., 48 Okla. 480, 150 P. 481. following Grove v. Jennings, 46 Kan. 366, 26 P. 738, that section 466 of the Compiled Statutes of 1921 does not take away any of the previous existing equitable remedies, and that one who owns the legal title, though not in possession, may independent of such section, maintain a suit to remove a cloud."

See, also, Marshall v. Ward, 167 Okla. 183, 28 P. (2d) 1091.

Where a deed in which is contained a reservation of the oil and gas rights is ambiguous or uncertain as to the real intent of the parties, and such intent cannot be ascertained from the provisions of the deed itself, the court will, by reason of sections 5043 and 5047, C. O. S. 1921 (9464 and 9468, O. S. 1931), permit parol evidence to establish the real intent of the parties, where the rights of innocent purchasers have not intervened. And the language expressed in the instrument will be considered together with all the facts and circumstances of the case as shown by the pleadings. Dunlap v. Jackson, supra.

The deed in question upon casual inspection may not appear ambiguous or uncertain in its terms, but it does become so when considered in connection with the allegations of the petition. The petition sets out that, by mistake as to the effect of the

language used, the writing did not express the contract between the parties. In such cases equity will grant relief. Gross Const. Co. v. Hales et al., 37 Okla. 131, 129 P. 28. In that case this court quoted with approval the rule from Pomeroy's Eq. Juris., sec. 845, as follows:

"* * * After making an agreement, in the process of reducing it to a written form, the instrument, by means of a **mistake of law,** fails to express the contract which the parties actually entered into, equity will interfere with the **appropriate relief, either by way of its enforcement, or by cancellation, or by reformation,** to the same extent as if the failure of the writing to express the real contract was caused by a mistake of fact. In this instance there is not a mistake as to the legal import of the contract actually made, but the mistake of law prevents the real contract from being embodied in the written instrument. In short, if a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant its relief, affirmatively or defensively, although the failure may have resulted from a mistake as to the legal meaning and operation of the terms of language employed in the writing. Among the ordinary examples of such errors are those as to the legal effect of a description of the subject-matter, and as to the import of technical words and phrases; but the rule is not conformed to these instances."

See, also, Bagby v. Martin, 118 Okla. 244. 247 P. 404.

We know of no statute in this state that bars the plaintiff's action. The defendants claim that, since the deed was executed in 1919 and suit not commenced until 1933, the action is barred. The statute could not commence to run until plaintiff became aware of a hostile claim, or a dispute as to his interest. The petition alleges that no hostile claim arose until less than one year prior to the commencement of the action. The plaintiff's right to an equitable adjudication of his title was a continuing one, and no statute of limitations could commence running until an adverse claim arose. Robertson v. Battles, 97 Okla. 54, 221 P. 1002.

In view of the foregoing, we hold that plaintiff's petition sets up facts sufficient to entitle him to equitable relief and that the demurrer to said petition should have been overruled. The judgment of the trial court is therefore reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.