COLLAR et al. v. MILLS.

No. 30354.  March 17, 1942.

Rehearing Denied May 5, 1942.

*125 P. 2d 197.*

482

P. D. Erwin, of Chandler, for plaintiffs in error.

C. J. Davenport, of Sapulpa, and Richardson, Shartel, Cochran, Chilson & Pruet, of Oklahoma City, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Creek county. Helen Laverne Collar, Mary Elizabeth Keegan, and Jacob F. Collar, sisters and brother, sued Ethan Allen Mills, their uncle, for equitable relief in the nature of a trust estate in certain property. The lower court sustained a demurrer to plaintiffs' second amended petition.

This second amended petition is complete in itself and does not refer to or depend on the allegations of the pleadings preceding it. It is rather lengthy, containing much preliminary, explanatory matter. We will summarize some parts, quote other parts, and omit some wholly incidental parts. This pleading states:

1. Plaintiffs are the children of Jacob F. Collar, Sr. (who died in 1914) and Vera O. Collar (who died in 1921). Ella Mills Foster (who died February 2, 1928) was the sister of the mother of these plaintiffs, was the sister of Ethan Allen Mills, defendant, and was the mother of J. Bart Foster, who died June 12, 1928, unmarried, without issue, and testate.

2. Several paragraphs are used to state the business relations that existed between the mother of these plaintiffs and Ella Mills Foster during their lives, and the legal relation of guardian and ward existing between Ella Mills Foster, and later the defendant, and these plaintiffs during the minority of these plaintiffs, and the close family ties existing between the sisters and their respective children, whereby plaintiffs lay the predicate for the allegation that J. Bart Foster was much the same as an elder brother, and was deeply concerned in their upbringing, protection, and welfare in life. Plaintiffs allege that because of the legal relation sustained toward them by defendant, and the position of trust and confidence occupied by defendant with respect to Ella Mills Foster and J. Bart Foster, defendant owed these plaintiffs "the duty . . . to protect their rights in a most diligent manner and to take no advantage of them."

4. That at the time of the death of Ella Mills Foster the said J. Bart Foster was in poor health, and being concerned over the disposition of his affairs and the carrying out of the wishes of his mother and himself with respect to the plaintiffs, he desired to make a will and,

"That in so doing and for such purpose he prepared written memoranda for the draft of such a will, discussed the matter further with the defendant, and submitted it to an attorney for incorporation into a will; that such memoranda are not in the possession or under the control of the plaintiffs and they are therefore unable to attach a copy to this amended petition; that such attorney considered it wise and necessary to take some time for consideration of the proposed provisions of said will in order that they might be properly and legally prepared and such will drawn and executed in accordance with the laws of this state; that he thereupon suggested to said J. Bart Foster, deceased, that a temporary will be prepared bequeathing and devising his

property to the defendant in trust for the use and benefit of *relatives of said J. Bart Foster, including these plaintiffs,* and as supplementary thereto and as a limitation, restriction and modification of the terms of such temporary will, and explanatory thereof, that the defendant be given instructions by said deceased, either orally or by letters, for the construction of such will and for the final disposition of the property of said deceased in accordance with his wishes; and that the said deceased was advised by his counsel that such arrangement could be legally and properly made, as a temporary expedient and substitute for a will, containing all of the provisions requested and contemplated by said deceased."

Attention is called to the use of the italicized words "relatives of said J. Bart Foster, including these plaintiffs," for they assume considerable significance in connection with the actual wording of the will and contain contentions made by plaintiffs. It is not contended that plaintiffs are "heirs" within the meaning of that term, but that J. Bart Foster used the word "heirs" to mean "relatives," a word of wider significance, and thereby included plaintiffs.

5. "That at the times when the deceased, J. Bart Foster, consulted with the defendant relative to the execution of his will and the arrangements which he desired to make for the benefit of the plaintiffs and other relatives, the exact dates of such conferences being unknown to the plaintiffs, the defendant orally suggested and offered to act as trustee of the properties of the deceased if they were bequeathed and devised to him, and agreed with the deceased that he would take and receive said properties as trustee and would accept, handle, manage and dispose of such properties as a trust fund in the manner so desired by said deceased; that said J. Bart Foster, deceased, believed and relied upon such promise of the defendant and believed and expected that the defendant would take, deal and handle said estate as such trustee according to the said wishes, desires and instructions of said deceased; and that had it not been for the acquiescence and agreement of the defendant in said arrangement, the deceased would not have be-

queathed or devised any part of his properties in any manner to the defendant.

"That in advising and conferring with his attorney, the said deceased told him that he wanted the plaintiffs named as beneficiaries in his will or provided for therein as stated in this petition and requested that the temporary will be written and prepared to so provide; that in the preparation of said will the attorney by inadvertence and mistake did not name the plaintiffs and did not use the technical language and terms to show that they were to be beneficiaries under the terms of said will and the incomplete trust provisions incorporated therein; that the deceased believed and understood that the plaintiffs were properly provided for by the terms of said temporary will; that the defendant had been advised and knew that the deceased intended that the plaintiffs would be beneficiaries under the terms of such will; and that by reason of such mistake and will should be corrected and reformed, if necessary, in order to include the plaintiffs as beneficiaries, heirs, legatees and devisees of the deceased."

6. That J. Bart Foster had no intention of willing his property to defendant otherwise than to provide for relatives, including plaintiffs; that the will prepared and executed was a temporary will, and was accompanied by instructions, either oral or written, to defendant as to how said estate so willed to defendant should be administered, and such instructions were made known by J. Bart Foster to other relatives, including some one of plaintiffs, and to business associates, by reason of all of which defendant accepted such property in trust "and promised and agreed with deceased to hold and dispose of said property in accordance with such trust of deceased." Reference is made to a copy of the will attached as an exhibit to the pleading.

7. Then it is alleged that defendant administered on the estate of J. Bart Foster, and had the entire estate distributed to himself. That the orders of the county court so distributing said estate should be vacated.

8. Plaintiffs then plead that defendant has paid certain of the aunts and

uncles of J. Bart Foster sums of money out of the said estate, and,

—"that it was the true intent and purpose of said deceased that by said will, arrangements and agreement all of the rest, residue and remainder of his estate besides said annuity and said special payments just mentioned, would be held in trust by defendant for the sole and exclusive use and benefit of the plaintiffs; and that at least after the last named plaintiff reached the age of 25 years on June 14, 1939, at which time under the will of his mother a final distribution of her estate was to be made by her trustees, defendant being one of such trustees, the entire residue and remainder of the estate of said J. Bart Foster was to be paid and distributed in equal shares by the defendant to the plaintiffs."

9. "That until the death of said Ella Mills Foster, the defendant recognized and indicated that he expected to perform such trust; that the defendant in his petition for probate of the will of J. Bart Foster included the plaintiffs as heirs, devisees and legatees of said deceased; that the defendant paid said annuity to said Laura Hoyt for about ten years and during her entire lifetime; that he paid several thousand dollars to other relatives of said J. Bart Foster, deceased; that he discussed said estate many times with the plaintiffs or part of them who repeatedly inquired of him about the estate and about payment to them and who told him that they expected payment from him and an accounting of said estate of J. Bart Foster, deceased; that he did not deny the rights of plaintiffs to the balance of said estate, but on the contrary stated in substance that he expected to settle with them and at one time, plaintiffs being unable to give the exact date, stated to second named plaintiff that he would pay her $15,000. for her interest, said sum being one-third of the balance accounted for by him in said estate; that he did not make a true and correct report of the assets of said estate; that he has at various times, plaintiffs being unable to give the exact dates, shown special concern and apprehension as to the properties belonging to said estate, about the possession of papers and documents relating thereto, and the possible claims of plaintiffs and others thereto; that within the past year, or thereabouts, the defendant has repudiated and denied said trust and now claims to be the owner of all of the residue of said estate; and that the defendant fails and refuses to perform such trust and to deliver and pay to the plaintiffs the remainder of said estate, after due demand."

10. Then follow allegations of the nature of the relief plaintiffs should have.

The demurrer to the second amended petition contained two grounds: (1) The general ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiffs against defendant; and (2) the cause of action stated showed on its face it was barred by the statute of limitations.

The order sustaining the demurrer did not specify the ground or grounds on which it was based, and if either ground is good, the order must be affirmed.

Before beginning a discussion of the first ground, we think it well to observe the rules applicable to the consideration of pleading that is being scrutinized in the light of a demurrer. On considering a demurrer to a petition, the petition will be liberally construed (Board of County Commissioners v. Young, 186 Okla. 182, 97 P. 2d 6), and all of the facts alleged, as well as all reasonable and logical inferences deducible therefrom in support thereof, are admitted by the demurrant to be true (Crews v. Garber, 188 Okla. 570, 111 P. 2d 1080, and many other Oklahoma decisions). Therefore, in this case it is our duty to see upon what theory of law the action of the plaintiffs is based, to see what facts are pleaded, and in addition what inferences are reasonably and logically to be drawn therefrom, and to say whether, since all of the facts are admitted to be true, they would support a judgment upon the theory of law presented.

The theory of law upon which plaintiffs pitch their cause of action is a general rule stated in 66 A.L.R. 157, as follows:

"Where a person, knowing that a testator, in giving him a devise or bequest,

intends it to be applied for the benefit of another, either expressly promises, or by his action at the time implies, that he will carry the testator's intention into effect, and the property is left to him in the faith on the part of the testator that such promise will be kept, the promisor will be held as a trustee ex maleficio."

In support of this rule, plaintiffs cite our decision in Teuscher v. Gragg, 136 Okla. 129, 276 P. 753, and the annotation following that decision in 66 A.L.R. 156.

It may be said that this rule of law applies when these facts are present: (1) A desire on the part of a person to leave his property for the benefit of some one in whom the fee title may not vest; (2) knowledge of the person to whom it is proposed to leave the property of the desire; (3) a promise express or implied by the second person to the first person to receive and hold the property and to use it in conformity with the desire; and (4) the devise of the property by a writing unconditional in its terms by the first person to the second person in pursuance of the first person's desire and in reliance by the first on the promise of the second person. Parol evidence is admissible to establish such a trust.

We are of the opinion that the second amended petition of the plaintiffs alleges sufficient facts, which are admitted by the demurrer and which, standing alone, would be sufficient to support a judgment in their favor within the rule announced. However, we cannot limit our consideration of the issues to this one rule of law, for there are other facts alleged by the plaintiffs, supported by their exhibits which are controlling, which facts are likewise admitted by the defendant, and are relied upon by him in support of the principal argument of law made in support of the judgment of the trial court.

The rule announced in Teuscher v. Gragg, supra, is the rule which is applicable to so-called secret trusts that are sought to be established with respect to property which has been deeded or willed to another person by instruments unconditional upon their face but as to which oral promises and agreements may be shown to have been made. This rule, however, does not apply to efforts to prove trusts upon property granted or devised by instruments, which contain in themselves trust provisions and designate the beneficiaries thereof, in opposition to the trust expressed or in enlargement thereof.

The will which J. Bart Foster left, and which plaintiffs plead in partial support of their cause of action, contains language devising the property of the testator to defendant absolutely, followed by this qualifying language:

"fully believing that he will make suitable provisions for the necessary requirements of all my heirs."

Plaintiffs rely upon the language of this will as proof in support of their contention that the property was not devised to defendant absolutely and unconditionally, but only in trust, and by demurring to the allegations the defendant admits this to be true. However, in addition to alleging that the testator had the plaintiffs in mind and intended to provide for them by his will, plaintiffs alleged further that in using the word "heirs" in this will a mistake was made. Plaintiffs admit the word "heirs" has a settled legal significance, but assert it was mistakenly used or accepted by testator in his will as being sufficiently comprehensive to cover "relatives" such as plaintiffs. In this connection it must be remembered plaintiffs do not contend they are "heirs." Whatever other allegations plaintiffs may have in this second amended petition with respect to intention and acts of the testator, such allegations must conform to the will, for exhibits control over allegations.

Therefore, if we determine that plaintiffs are correct when they allege that this property was left to defendant in trust, we are immediately met with the well-known rule of law that if the beneficiaries of the trust are designated, parol evidence is inadmissible to con-

486

tradict or vary the designation. Scott on Trusts, par. 38; Bogert, Trusts and Trustees, vol. 1, p. 469, § 162; 65 C. J. 323, § 84; Parks v. Central Life Assurance Society, 181 Okla. 638, 75 P. 2d 1111; Cutting v. Haskell, 122 Me. 454, 120 Atl. 618; Wood v. American Natl. Bank, 24 Cal. App. 2d 313, 74 P. 2d 1051, and Gore v. Bingaman, 29 Cal. App. 2d 460, 85 P. 2d 172. This rule with respect to trusts is the same rule applicable to wills stated in 69 C. J. 151, § 1182, dealing with the identification of the beneficiaries, and page 159, §§ 1186 et seq., dealing with mistakes, misnomers, and misdescription of beneficiaries.

In all of these authorities it is agreed that where a deed or will evinces an intention to convey or devise property in trust, and designates the beneficiaries as a class such as by using the terms "heirs," the term "heirs" has a settled legal significance, and parol evidence is not admissible to show that the person using it had another understanding of its meaning.

We are not overlooking the allegations that J. Bart Foster wrote a letter to the defendant giving him directions with respect to the application of the trust estate to these plaintiffs, and defendant's admission by his demurrer that this is a true fact. The time this letter was written is not stated with certainty, but it is said "to be supplementary" to the will, and a "limitation, restriction and modification" of the terms of the will. If it preceded the will, it is not mentioned therein (68 C. J. 639, §§ 266 et seq.) and cannot be considered as comprising a part of a will consisting of separate instruments; if it is contradictory of the will, both fail for the uncertainty arising out of the inconsistency (68 C. J. 639, § 266, notes 66 and 67), and if it is prior thereto, contemporaneous therewith, or subsequent thereto, and is of a nontestamentary character, it cannot be engrafted on the will (68 C. J. 639, § 266, notes 71-74) unless it came within the rule of those writings expressly mentioned in a will, which the pleadings and will negative.

Insofar as we can discover, the law of trusts, whether the trust be by deed or by will, does not seem to contemplate or countenance separate writings, directory or precatory in nature, being admitted to change or modify the plain terms of a trust.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, HURST, and ARNOLD, JJ., concur. OSBORN and DAVISON, JJ., absent.