DOCUMENTARY STAMP TAX — MINERAL DEED Under Title 68 O.S. 5101 [68-5101] through 68 O.S. 5107 [68-5107], known as the Documentary Stamp Tax Law, a mineral deed is subject to the documentary stamp tax. The Attorney General's Office is in receipt of your opinion request wherein you asked the following question: "Whether a mineral deed is subject to the Documentary Stamp Tax Law" The Documentary Stamp Tax Law is contained in 68 O.S. 5101 [68-5101] through 68 O.S. 5107 [68-5107]. Section 68 O.S. 5101 [68-5101] sets forth the imposition of the tax. This specific section states: "A. There is hereby imposed on each deed, instrument or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of any value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00), a tax at the rate of fifty-five cents ($0.55) for each Five Hundred Dollars ($500.00) or fractional part thereof. "B. The tax is limited to conveyances of realty sold and does not apply to other conveyances. The tax attaches at the time the deed or other instrument of conveyance is executed and delivered to the buyer, irrespective of the time when the sale is made. "C. The term 'sold' imports a transfer of an interest for a valuable consideration, which may involve money or anything of value. "D. The term 'deed' includes any instrument or writing whereby realty is assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or, at his direction, any other person." The determinative question therefore, is whether an interest in minerals is "realty" within the meaning of the Documentary Stamp Tax Statutes. The case law in Oklahoma makes it clear that a mineral interest is an interest in "realty" and therefore subject to the Documentary Stamp Tax provisions. The Oklahoma Supreme Court in White v. McVey, 31 P.2d 850 (1934), stated: "It is equally well established that oil and gas in place are minerals, and so long as they remain unsevered from the soil are part of the realty." Cuff v. Koslosky, 165 Okl. 135, 25 P.2d 290. In addition see also, Hudson v. Smith, 41 P.2d 861 (1935) and Peppers Refining Co. v. Barkett, 256 P.2d 443 (1953). Title 68 O.S. 5102 [68-5102] (1971) sets forth the exemptions for which the documentary stamp tax would not apply. Section 68 O.S. 5102 [68-5102] states: "The tax imposed by Section 5101 of this title shall not apply to: "1. Deeds recorded prior to the effective date of the enactment of this act; "2. Deeds which secure a debt or other obligation; "3. Deeds which, without additional consideration, confirm, correct, modify or supplement a deed previously recorded; "4. Deeds between husband and wife, or parent and child, or any persons related within the second degree of consanguinity, without actual consideration therefor; "5. Tax deeds; "6. Deeds of release of property which is security for a debt or other obligation; "7. Deeds executed by Indians in approval proceedings of the District Courts or by the Secretary of the Interior; "8. Deeds of partition, unless, for consideration, some of the parties take shares greater in value than their undivided interest, in which event a tax attaches to each deed conveying such greater share computed upon the consideration for the excess; "9. Deeds made pursuant to mergers of corporations; "10. Deeds made by a subsidiary corporation to its parent corporation for no consideration other than the cancellation or surrender of the subsidiary's stock; "11. Deeds or instruments to which the State of Oklahoma or any of its instrumentalities, agencies or subdivisions is a party, whether as grantee or as grantor or in any other capacity; "12. Deeds or instruments to which the United States or any of its agencies or departments is a party, whether as grantor or as grantee or in any other capacity, provided that this shall not exempt transfers to or from national banks or federal savings and loan associations; or "13. Deeds in foreclosure actions where (1) the purchaser was the original grantor to the defendant; and (2) the purchaser is the plaintiff in the foreclosure action; and (3) the purchaser bid the amount of the judgment or less and no cash consideration is paid; provided, however, the tax shall apply to deeds in all other foreclosure actions, unless otherwise hereinabove exempted, and shall be paid by the purchaser in such foreclosure action." The intent to include a mineral deed within the meaning of and subject to the Documentary Stamp Tax Law is further evidenced by applying the maxim "expressio unius est exclusio alterius" which means that the mention of one thing in a statute implies exclusion of the other. Applying this rule to the above quoted section, it is clear that the legislature did not intend to exempt a mineral deed from application of the Documentary Stamp Tax Law. It is, therefore, the opinion of the Attorney General that your question should be answered in the affirmative in that under 68 O.S. 5101 [68-5101] through 5107, known as the Documentary Stamp Tax Law, a mineral deed is subject to the documentary stamp tax. (Donald B. Nevard)